# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLESSING AUTO REPAIR, INC. and MARCDER M. GUERRIER, | CIVIL ACTION |
| Plaintiffs, | |
| v. | NO. 20-6569 |
| PENNSYLVANIA STATE POLICE, ANDREW AVDULLA a/k/a ANDI I. AVDULLA and THE PHILADELPHIA PARKING AUTHORITY, | |
| Defendants. | |

## MEMORANDUM

**Joyner, J.**                                              **July 14, 2021**

### Introduction

Pennsylvania State Police and Trooper Andrew Avdulla, collectively "Commonwealth Defendants", move to dismiss Plaintiffs' Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. We grant in part and deny in part Commonwealth Defendants' Motion to Dismiss.

### Factual Background

According to the allegations set forth in the complaint, on May 3, 2019, Pennsylvania State Trooper Avdulla entered the property of Blessing Auto Repair, Inc. and informed Mr. Marcder Guerrier, president of Blessing Auto Repair, that his vehicle

1

was being confiscated as part of an investigation. Pls.' Am. Compl., Doc. No. 10, at 1-2. The Pennsylvania State Police towed Mr. Guerrier's vehicle from Blessing Auto Repair's property and turned it over to the Philadelphia Parking Authority. Id. at 3.

That same day, Mr. Guerrier paid the $175.00 towing charge but was advised that his vehicle could not be released. Id. Mr. Guerrier alleges that he returned to the impoundment lot at least two more times requesting that his vehicle be released to him but was denied each time. Id. Mr. Guerrier then learned that the Philadelphia Parking Authority sold his vehicle in an auction. Id. He alleges that he received no notice of the auction and that he did not receive proceeds from the sale. Id.

Plaintiffs Mr. Guerrier and Blessing Auto Repair brought this civil action against Philadelphia Parking Authority, Pennsylvania State Police, and Trooper Avdulla. Id. at 1-2. The action was initially filed in state court, but Defendant Philadelphia Parking Authority removed the action to federal court on December 31, 2020 and filed a Notice of Removal on January 4, 2021. Defs.' Mot. to Dismiss, Doc. No. 13, at 3; Pls.' Resp. in Opp'n, Doc. No. 17, at 6. On January 7, 2021, Commonwealth Defendants acknowledged the removal and requested Waivers of Service from Plaintiffs. Pls.' Am. Compl., Doc. No. 10, at 6.

Plaintiffs brought the following claims against all three Defendants in an amended complaint: conversion under state law (Count 1); violation of 42 U.S.C. § 1983 (Count 2); civil conspiracy (Count 3); Fourth Amendment violation (Count 4); Fifth Amendment violation (Count 5); Eighth Amendment violation (Count 6); trespass under state law (count 7); and a claim for punitive damages (Count 8). Defs.' Mot. to Dismiss, Doc. No. 13, at 3; Pls.' Am. Compl., Doc. No. 10, at 10-12. Commonwealth Defendants move to dismiss all claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and move to dismiss Counts 2 through 6 under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Defs.' Mot. to Dismiss, Doc. No. 13, at 2. Plaintiffs filed a Motion to Strike (Doc. No. 16) Commonwealth Defendants' Motion to Dismiss, and contemporaneously filed a response in opposition. Pls.' Resp. in Opp'n, Doc. No. 17.

## Standard of Review

A Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) requests the Court dismiss claims that fail to assert a basis upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 698, 678 (2009). To survive a Rule 12(b)(6) Motion to Dismiss, a plaintiff's complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court accepts all well-pleaded

allegations as true, viewing them in the light most favorable to the Plaintiff. See Id. at 679. However, legal conclusions must be supported by sufficient factual allegations. Id. at 678-79.

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction filed prior to an answer is a "facial challenge to jurisdiction." Cardio-Med. Assocs. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983). A court can dismiss a claim under a Rule 12(b)(1) motion if the facts alleged are not sufficient to invoke jurisdiction on the face of the complaint. Id.

## Discussion

### Commonwealth Defendants Waived Their Eleventh Amendment Sovereign Immunity

Commonwealth Defendants assert in their Motion to Dismiss that this Court lacks subject matter jurisdiction over all federal claims because the Pennsylvania State Police and Trooper Avdulla in his official capacity benefit from Eleventh Amendment sovereign immunity. Defs.' Mot. to Dismiss, Doc. No. 13, at 7-9. Plaintiffs assert that Commonwealth Defendants waived their Eleventh Amendment sovereign immunity when Defendant Philadelphia Parking Authority removed the case to federal court and Commonwealth Defendants consented, therefore establishing federal jurisdiction by consenting to litigate in a federal forum. Pls.' Resp. in Opp'n, Doc. No. 17, at 6.

The Eleventh Amendment grants states and state actors sovereign immunity from private litigation in federal court. Lapids v. Bd. of Regents, 535 U.S. 613, 616 (2002) (citing Hans v. Louisiana, 134 U.S. 1 (1890)); Atkin v. Johnson, 432 F. App'x. 47, 48 (3d Cir. 2011) (finding a Pennsylvania State Trooper sued in his official capacity qualified for Eleventh Amendment immunity). However, if a State removes an action from state court to federal court, they voluntarily agree to litigate in a federal forum and waive their immunity. Lapids, 535 U.S. at 623-25 (finding that a State who joins the removal of a case to federal court voluntarily invokes federal jurisdiction sufficient to waive their Eleventh Amendment sovereign immunity to litigate state law claims). It would be inconsistent and produce unfair results if a State could both invoke federal jurisdiction by consenting to removal and claim Eleventh Amendment immunity. Id. at 619. While the Supreme Court in Lapids limited its holding to state law claims, the Third Circuit decided to follow the Ninth and Tenth Circuits to find that a State can waive Eleventh Amendment sovereign immunity for both state and federal law claims when removing the case to federal court. Lombardo v. Pennsylvania, 540 F.3d 190, 197 (3d Cir. 2008).

Here, Commonwealth Defendants waived their immunity under the Eleventh Amendment when consenting to remove federal and

5

state law claims to federal court. Defendant Philadelphia Parking Authority filed a Notice of Removal on January 4, 2021. Pls.' Resp. in Opp'n, Doc. No. 17, at 6. On January 7, 2021, Commonwealth Defendants acknowledged this removal by requesting Waivers of Service from Plaintiffs. Id. Commonwealth Defendants assert in their Motion to Dismiss that they do not consent to litigate in federal court. Defs.' Mot. to Dismiss, Doc. No. 13, at 8. However, there is no indication that they objected to the removal. Therefore, because Commonwealth Defendants consented to removing the case to federal court, they consented to federal jurisdiction, waiving Eleventh Amendment immunity for federal and state law claims. We deny Commonwealth Defendants' motion to dismiss for lack of subject matter jurisdiction due to Eleventh Amendment immunity for all federal claims.

Federal Law Claims

Commonwealth Defendants also move to dismiss Plaintiffs' federal claims under Counts 2 through 6 for failure to state claims which relief can be granted. Defs.' Mot. to Dismiss, Doc. No. 13, at 9.

A. Count 2

Under Count 2, Plaintiffs claim Defendants violated 42 U.S.C. § 1983. Pls.' Am. Comp., Doc. No. 10, at 3-5. Commonwealth Defendants assert that a Section 1983 claim cannot be brought independently from the other Constitutional

violations because Section 1983 is not an independent cause of action. Defs.' Mot. to Dismiss, Doc. No. 13, at 8-9. Plaintiffs respond asserting that claiming a violation of Section 1983 in a separate count is "more a matter of style than substance," and argue that dismissing Count 2 would be inappropriate without granting leave to amend the Complaint because it would be construed as Plaintiffs failing to raise Section 1983 claims at all. Pls.' Resp. in Opp'n, Doc. No. 17, at 9. Plaintiffs also argue that the Section 1983 claim provides clear violations of numerous provisions of the Constitution including Fourth, Eighth, Fourteenth Amendment violations and violations of Article 1 and 26 of the Pennsylvania Constitution. Id. Plaintiffs concede that they did not specifically reference violations of Article 1 and 26 of the Pennsylvania Constitution and a Fourteenth Amendment violation claim in their amended complaint, however, now seek leave to amend to specifically raise these claims under new counts. Id. at 10.

Section 1983 "is not itself a source of substantive rights, [but rather] a method for vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979). A successful Section 1983 claim must identify "the precise constitutional violation with which [the defendant] is charged." Id. at 140. Courts dismiss Section 1983 claims that fail to allege that a specific federal right was violated. E.g., Id. at

7

146-47 (holding that a respondent was not deprived of any rights secured under the Constitution and therefore has no cognizable claim under Section 1983); Beauchamp v. Chichester Sch. Dist., No. 05-4141, 2005 U.S. Dist. LEXIS 28677, at *8-9 (E.D. Pa. Nov. 17, 2005)(granting a motion to dismiss by reasoning that plaintiffs failed to state a claim under Section 1983 because they did not allege a federal right of which they were deprived).

Here, Plaintiffs failed to bring a Section 1983 claim under Count 2. Plaintiffs presented sufficient facts to establish a Constitutional violation by asserting Defendants were performing under the color of state and local law, and that Plaintiffs suffered the loss of his vehicle and unlawful entry onto his property. Pls.' Am. Comp., Doc. No. 10, at 3-4. However, Plaintiffs failed to assert a "precise constitutional violation" under Count 2. Baker, 443 U.S. at 140; Beauchamp, No. 05-4141, 2005 U.S. Dist. LEXIS 28677, at *8-9. For that reason, we dismiss Count 2 for failing sufficiently state a Section 1983 claim.

D. Count 3

Under Count 3, Plaintiffs bring a civil conspiracy claim against all Defendants. Pls.' Am. Comp., Doc. No. 10, at 5. Commonwealth Defendants argue this claim should be dismissed for failing to make allegations showing a conspiratorial agreement

between Defendants to deprive Plaintiffs of their civil rights. Defs.' Mot. to Dismiss, Doc. No. 13, at 13. Plaintiffs responded by asserting the amended complaint provides sufficient facts and allegations at this pre-discovery stage to "infer a conscious intent to sell the vehicle without following appropriate procedures" for the purpose of a conspiracy to sell the vehicle without required notice. Pls.' Resp. in Opp'n, Doc. No. 17, at 12-13.

For a successful civil conspiracy claim, a plaintiff must establish the existence of an agreement to deprive the plaintiff of a constitutional right and assert that the conspirators acted under the color of state law. LeBlanc v. Stedman, No. 10-5215, 2011 U.S. Dist. LEXIS 80093, at *10-11 (E.D. Pa. July 21, 2011) (dismissing a civil conspiracy claim because the plaintiff failed to present facts from which the court could infer the defendants entered into an agreement and a "bare assertion that defendants 'acted in concert'" was not sufficient). A plaintiff must present sufficient facts from which the court can infer a conspiratorial agreement or "meeting of the minds" to violate the plaintiff's constitutional rights. Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 179 (3d Cir. 2010) (reasoning the plaintiff failed to allege, except in general terms, the specifics of the alleged conspiracy to establish a

sufficient factual allegation to create plausible grounds to infer an agreement under Twombly, 550 U.S. at 556).

Here, Plaintiffs failed to allege sufficient facts that allow the Court to infer a conspiratorial agreement existed between Defendants to violate Plaintiffs' rights. Plaintiffs claim that Defendants conspired to confiscate Mr. Guerrier's vehicle "without legal cause or justification...without notice," and "with malice and or reckless disregard" for their rights is conclusory. Pls.' Am. Comp., Doc. No. 10, at 5. Under Twombly, legal conclusions are not accepted as true and must be supported with factual allegations. 550 U.S. at 678-79. While Plaintiffs incorporate various factual allegations by reference in their amended complaint under Count 3, the facts plead are not sufficient for the Court to infer a meeting of the minds between Defendants to violate Plaintiffs' constitutional rights. In Plaintiffs' Response, they assert there is a clear inference that Trooper Avdulla confiscated the vehicle for an improper purpose and that Philadelphia Parking Authority was aware or consciously avoided inquiring about the legal cause for retention, and thus the Court can infer Trooper Avdulla and Philadelphia Parking Authority "effected the purpose of the conspiracy through the sale of the vehicle without the benefit to Plaintiffs of the required subsequent notice." Pls.' Resp. in Opp'n, Doc. No. 17, at 13. While it is certainly possible that

Defendants may have conspired to confiscate and sell Mr. Guerrier's vehicle, the facts alleged on the face of Plaintiffs' amended complaint do not meet the required plausibility standard under Twombly for the Court to infer a conspiratorial agreement to unlawfully deprive and sell Mr. Guerrier's vehicle. Therefore, we dismiss Count 3 for failure to state a claim.

B. Count 4

Under Count 4, Plaintiffs claim all Defendants violated their Fourth Amendment protection against unreasonable searches and seizures when seizing Mr. Guerrier's vehicle without justification. Pls.' Am. Comp., Doc. No. 10, at 6. The Philadelphia Parking Authority Moved to dismiss this claim in a separate motion asserting the claim was inappropriately asserted towards them because Commonwealth Defendants directed the seizure of the vehicle. Defs.' Mot. to Dismiss, Doc. No. 11, at 10-11. Commonwealth Defendants did not address this claim in their Motion to Dismiss apart from claiming they are immune from all federal claims under Eleventh Amendment sovereign immunity. Defs.' Mot. to Dismiss, Doc. No. 13, at 7-9. Plaintiffs also did not address this claim in their Response (Doc. No. 17). Therefore, we do not dismiss Count 4 because Commonwealth Defendants do not move to dismiss this claim apart from claiming sovereign immunity.

C. Count 5

Plaintiffs concede in their response (Doc. No. 17) that Count 5 for violation of the Fifth Amendment does not apply to Commonwealth Defendants because they are state actors. Pls.' Resp. in Opp'n, Doc. No. 17, at 10. Therefore, we do not need to examine Count 5, and the Plaintiffs' Fifth Amendment violation claim should be dismissed.

Plaintiffs seek leave to amend to include a claim for violation of Pa. Const. Art. 1 § 9 which provides that for criminal proceedings no person can "be deprived of his life, liberty, or property, unless by judgment of his peers or the law of the land." Id. We grant Plaintiffs' request for leave to amend the complaint to include a claim for violation of Pa. Const. Art. 1 § 9.

E. Count 6

Under Count 6, Plaintiffs claim all Defendants violated the Eighth Amendment when confiscating and selling Mr. Guerrier's vehicle without any judgment or fines levied against him. Pls.' Am. Comp., Doc. No. 10, at 8. Commonwealth Defendants argue the amended complaint failed to allege specific actions taken by Commonwealth Defendants to sell the vehicle and the allegations under Count 8 which relate to the sale and proceeds from the sale instead relate to actions taken by Philadelphia Parking Authority. Defs.' Mot. to Dismiss, Doc. No. 13, at 12. Plaintiffs respond by asserting the amended complaint provides

sufficient facts at the pre-discovery stage for this claim against Commonwealth Defendants. Pls.' Resp. in Opp'n, Doc. No. 17, at 12.

A Plaintiff must allege facts that indicate a specific defendant and their personal involvement to be liable under a Section 1983 claim for a civil rights violation. Iqbal, 556 U.S. at 676; Pettus v. City of Phila., No. 11-1575, 2011 U.S. Dist. LEXIS 87525, at *4 (E.D. Pa. Aug. 5, 2011) (reasoning that alleging "'all' defendants acted together for a common purpose is not sufficient" to put defendants on notice of the alleged unlawful conduct). Also, Courts find that towing and impounding a vehicle does not amount in an Eighth Amendment violation. Barrett v. City of Allentown, 152 F.R.D. 50 (E.D. Pa. 1993) (dismissing an Eighth Amendment violation claim for failing to specify which Defendants were accused and reasoning that towing a vehicle does not amount to cruel or unusual punishment); Berger v. Phila. Parking Auth., 413 F. Supp. 3d. 412, 420-21 (E.D. Pa. 2019) (reasoning the impoundment and sale of the plaintiff's vehicle due to unpaid parking tickets was not excessive and did not violate the Eighth Amendment).

Here, Plaintiffs do not specify which Defendants are brought under Count 6 and therefore incorporates all Defendants. Pls.' Am. Comp., Doc. No. 10, at 8. However, Plaintiffs do claim

that both the confiscation and sale of the vehicle constitutes excessive fines and cruel and unusual punishment under the Eighth Amendment. Id. By incorporating previously alleged facts by reference, Plaintiffs allege that Trooper Avdulla and the Pennsylvania State Police confiscated Mr. Guerrier's vehicle and concede Trooper Avdulla informed him it was for an investigation. Id. at 2. Nevertheless, the Plaintiffs do not sufficiently explain how Trooper Avdulla seizing Mr. Guerrier's vehicle violates the Eighth Amendment. See Sun Jung Yun v. New Jersey, No. 18-17283 2019 U.S. Dist. LEXIS 32084, at *10 (D.N.J. Feb. 28, 2019) (dismissing a plaintiff's Eighth Amendment claim that a New Jersey police officer imposed excessive fines when impounding her vehicle because she failed to allege that the costs she incurred were imposed as punishment); Barrett, 152 F.R.D. at 55 ("the towing of an automobile hardly constitutes cruel and unusual punishment"). Therefore, we dismiss Count 6 for failing to sufficiently state an Eighth Amendment claim against Commonwealth Defendants.

Commonwealth Defendants Did Not Waive State Sovereign Immunity for State Law Claims under 1 Pa. Cons. Stat. § 2310.

Plaintiffs bring a state law conversion claim under Count 1 against all Defendants and a state trespass claim under Count 7 against Trooper Avdulla and Philadelphia Parking Authority. Pls.' Am. Comp., Doc. No. 10, at 2, 9. Commonwealth Defendants

move to dismiss both state law claims due to their sovereign immunity under 1 Pa. Cons. Stat. § 2310 and argue no exceptions to immunity apply. Defs.' Mot. to Dismiss, Doc. No. 13, at 14, 16. Plaintiffs assert in their response that Commonwealth Defendants may be liable under exceptions to immunity found in title 42 of the Sovereign Immunity Act, specifically the negligence and personal property exceptions. 42 Pa. Cons. Stat. § 8522(b); Pls.' Resp. in Opp'n, Doc. No. 17, at 14.

Sovereign Immunity is a "dual concept" that includes Eleventh Amendment sovereign immunity and immunity from liability created by State law. Lewis v. Mainer, No. 16-CV-1674, 2016 U.S. Dist. LEXIS 195625, at *9-10 (E.D. Pa. Aug. 23, 2016) (citing Lombardo, 540 F.3d at 198-200). Under Lapids, when a State waives Eleventh Amendment sovereign immunity through removal to federal court, they retain their state sovereign immunity. Id. The Commonwealth has state sovereign immunity under 1 Pa. Cons. Stat. § 2310. Exceptions to this immunity can include "damages arising out of a negligent act where the damages would be recoverable. . .if the injury were caused by a person not having available the defense of sovereign immunity," or the "care, custody, and control of personal property in the possession or control of Commonwealth parties." 42 Pa. Cons. Stat. § 8522; Lewis, No. 16-CV-1674, 2016 U.S. Dist. LEXIS 195625, at *9-10. Pennsylvania courts hold that "the personal

property exception may only be applied to those cases where the property itself is alleged to cause the injury" rather than the Commonwealth's conduct. E.g., Urella v. Pa. State Troopers Ass'n, 628 F. Supp. 2d. 600, 606 (E.D. Pa. 2008) (citing Sugalski v. Commonwealth, 131 Pa. Commw. 173 (Pa. Commw. 1990)).

Here, Plaintiffs argue in their response that Commonwealth Defendants' immunity may be waived through exceptions such as committing a negligent act and the control and possession of personal property. Pls.' Resp. in Opp'n, Doc. No. 17, at 14-15. Plaintiffs did not sufficiently allege in their amended complaint that Commonwealth Defendants acted negligently when committing trespass and conversion of Plaintiffs' property. While Plaintiffs argue in their response that they did not intend to exclude the possibility that Defendants were negligent, the complaint alleges Commonwealth Defendants acted intentionally when trespassing by claiming Trooper Avdulla acted "with malice and or reckless indifference" when entering Plaintiffs' property, confiscating the vehicle, and delivering it to the Philadelphia Parking Authority. Pls.' Am. Comp., Doc. No. 10, at 9. Further, while Plaintiffs claim that Defendants were "either willful or negligent" under Count 1 for conversion, simply stating Defendants may have acted negligently is not sufficient to plead a negligent act. Id. at 2-3. Additionally, the personal property exception to immunity does not apply here

because Plaintiffs, rather than claiming Mr. Guerrier's vehicle is the cause of their injuries, are claiming Commonwealth Defendants' actions caused the alleged trespass and conversion. Urella, 628 F. Supp. 2d. at 606. Therefore, the exceptions to the Commonwealth's Sovereign Immunity do not apply and we dismiss Count 1 and Count 7.

Motion to Strike

Plaintiffs assert in their response and contemporaneously file a Motion to Strike Commonwealth Defendants' Motion to Dismiss for containing a single unnumbered paragraph referencing the attached Memorandum of Law containing Commonwealth Defendants' request for relief, citing Fed. R. Civ. P. 7(b)(2) and 10(b). Pls.' Resp. in Opp'n, Doc. No. 17, at 15-16; Pls.' Mot. to Strike, Doc. No. 16. We deny Plaintiffs' Motion to Strike.

Motions to strike under Fed. R. Civ. P. 12(f) "[strike] pleadings not dispositive motions." Bond v. ATSI/Jacksonville Job Corps Ctr., 811 F. Supp 2d 417, 421 (D.D.C. 2011) (denying a motion to strike because "federal rules only provide for striking pleadings, not dispositive motions"). A motion to dismiss is not a pleading, therefore a motion to strike a motion to dismiss would be inappropriate. See Id.; Personacare of Reading, Inc. v. Lengel, No. 16-1965, 2017 U.S. Dist. LEXIS 38519, at *6 (E.D. Pa. Mar. 17, 2017) (denying a plaintiff's

17

motion to strike a defendant's motion to compel because "a motion is not a pleading"). Moreover, courts disfavor motions to strike unless the allegations are unrelated to the claims, confuse the issues in the case, or may prejudice the other party. E.g., AJ v. Lancaster Cnty., No. 5:19-cv-01768, 2019 U.S. Dist. LEXIS 177012, at *6 (E.D. Pa. Oct. 11, 2009) (citing River Rd. Dev. Corp. v. Carlson Corp., No. 89-7037, 1990 U.S. Dist. LEXIS 6201, at *3 (E.D. Pa. May 23, 1990)); Papacoda v. A.I. Dupont Hosp. for Child. of the Nemours Found., No. 05-cv-3003, 2006 U.S. Dist. LEXIS 43425, at *19 (E.D. Pa. June 26, 2006) (citing McInerney v. Moyer Lumber & Hardware, Inc., 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002) to reason that motions to strike are disfavored and the moving party must show how they will be prejudiced if the allegations remain).

Here, Plaintiffs assert that Commonwealth Defendants' Motion is inappropriately formatted by failing to state claims in numbered paragraphs as required for pleadings under Fed. R. Civ. P. 10(b). Pls.' Resp. in Opp'n, Doc. No. 17, at 15-16. They explain that under Fed. R. Civ. P. 7(b)(2), the rules governing matters of forms in pleadings under Rule 10(b) also apply to motions. Id. at 16. However, Plaintiffs' Motion to Strike Commonwealth Defendants' Motion to Dismiss (Doc. No. 13) is not appropriate because a motion to dismiss is not a pleading. See Personacare of Reading, Inc., No. 16-1965, 2017 U.S. Dist. LEXIS

38519, at *6. Further, even if it were appropriate to strike the Commonwealth Defendants' Motion, the Motion did not prejudice Plaintiffs considering that they successfully filed a Response in Opposition (Doc. No. 17). Therefore, we deny Plaintiffs' Motion to Strike.

## Conclusion

We grant Commonwealth Defendants' Motion to Dismiss in part and dismiss Counts 1, 2, 3, 5, 6, and 7 of the Amended Complaint. Plaintiffs failed to state claims under Section 1983, Fifth Amendment, Eighth Amendment, and civil conspiracy claims, and lack jurisdiction for their trespass and conversion claims. Additionally, in the interest of justice we grant Plaintiffs' request for leave to amend their complaint to include claims under Pa. Const. Art. 1, Pa. Const. Art. 1 § 9, Pa. Const. Art. 26, and the Fourteenth Amendment.