IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLESSING AUTO REPAIR, INC. and MARCDER M. GUERRIER,<br><br>Plaintiffs,<br><br>v.<br><br>PENNSYLVANIA STATE POLICE, ANDREW AVDULLA a/k/a ANDI I. AVDULLA and THE PHILADELPHIA PARKING AUTHORITY,<br><br>Defendants. | CIVIL ACTION<br><br><br>NO. 20-6569 |

**MEMORANDUM**

**Joyner, J.**                                                    **August, 2021**

**Introduction**

Defendant Philadelphia Parking Authority ("PPA") moves to dismiss Plaintiffs' Amended Complaint in its entirety under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and to dismiss Blessing Auto Repair Inc. as a Plaintiff for lacking Article III standing. We grant Philadelphia Parking Authority's Motion to Dismiss.

**Factual Background**

According to the allegations set forth in the Amended Complaint, on May 3, 2019, Pennsylvania State Trooper Andrew Avdulla entered the property of Blessing Auto Repair and informed Mr. Marcder Guerrier, president of Blessing Auto

1

Repair, that his vehicle was being confiscated as part of an investigation. Pls.' Am. Compl., Doc. No. 10, at 1-2. Mr. Guerrier's vehicle was then towed from Blessing Auto Repair's property by the PPA to be impounded. Id. at 2; Pls.' Resp. in Opp'n, Doc. No. 14, at 1.

That same day, Mr. Guerrier paid the $175.00 towing charge at the impoundment lot but was advised that his vehicle would not be released to him. Pls.' Am. Compl., Doc. No. 10, at 2. Mr. Guerrier alleges that he returned at least two more times to retrieve his vehicle but was denied each time. Id. Mr. Guerrier claims he learned that his vehicle was sold in an auction by the PPA pursuant to a court order and that he did not receive notice before the sale or proceeds from the sale. Id.

Plaintiffs Mr. Guerrier and Blessing Auto Repair brought this civil action against Defendants PPA, Pennsylvania State Police, and Trooper Avdulla in state court. Id. at 1-2. Defendant PPA successfully removed the action to federal court on December 31, 2020. Def.'s Mot. to Dismiss, Doc. No. 11, at 2.

Plaintiffs brought the following claims against all three Defendants in an Amended Complaint: conversion under state law (Count 1); violation of 42 U.S.C. § 1983 (Count 2); civil conspiracy (Count 3); Fourth Amendment violation (Count 4); Fifth Amendment violation (Count 5); and Eighth Amendment violation (Count 6); trespass under state law (Count 7); and a

claim for punitive damages (Count 8). Id. at 1-2. Defendant PPA moves to dismiss all claims under Fed. R. Civ. P. 12(b)(6) and all claims brought by Plaintiff Blessing Auto Repair for lack of Article III standing under Fed. R. Civ. P. 12(b)(1). Id. at 6. Plaintiffs responded in opposition (Doc. No. 14).

### Standard of Review

A Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) requests the Court to dismiss claims that fail to assert a basis upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 698, 678 (2009). To survive a Rule 12(b)(6) Motion to Dismiss, a Plaintiff's complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court accepts all well-pleaded allegations as true, viewing them in the light most favorable to the Plaintiff. See Id. at 679. However, legal conclusions are not accepted as true and must be supported by sufficient factual allegations. Id. at 678-79.

"To decide a motion to dismiss, courts generally consider only the allegations in the complaint, exhibits attached to the complaint, and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus. Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). In addition, the Court may consider "an undisputedly

3

authentic document that the defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp., 998 F.2d at 1196; Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

### **Discussion**

Blessing Auto Repair Lacks Standing

The PPA asserts in their Motion that Blessing Auto Repair lacks standing as a plaintiff and all claims asserted by them should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Def.'s Mot. to Dismiss, Doc. No. 11, at 8.

A party invoking federal jurisdiction has the burden of establishing standing by showing the plaintiff suffered an "injury in fact" or invasion of legally protected interest that is concrete and particularized, actual or imminent, not hypothetical, or conjectural. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). For an injury to be "particularized," the plaintiff must be injured personally and individually by the defendant's conduct. Cottrell v. Alcon Labs., 874 F.3d 154, 167 (3d Cir. 2017) (citing Id. at 560); Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548 (2016). Also, there must be a causal connection between the injury and the conduct, and it must be likely that the injury will be redressed by a favorable decision. Lujan, 504 U.S. 561. Without Article

4

III standing, a claim lacks subject matter jurisdiction. Fed. R. Civ. P. 10(b)(1); Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006).

Here, Plaintiffs' Amended Complaint fails to show that Blessing Auto Repair suffered a particularized "injury in fact." See Lujan, 504 U.S. at 561. The PPA asserts that Plaintiffs' Amended Complaint fails to allege how Blessing Auto Repair's legal rights were personally implicated by the impoundment and sale of the vehicle. Def.'s Mem. in Supp., Doc. No. 11, at 21. While the complaint does sufficiently allege how Mr. Guerrier's legal rights were individually impacted, Plaintiffs fail to plead sufficient factual allegations that Blessing Auto Repair's legal rights were individually and personally impacted by Defendants' conduct. See Cottrell, 874 F.3d at 167. Plaintiffs assert their claims collectively throughout the Amended Complaint. The only connection plead between Defendants' conduct and Blessing Auto Repair is that Mr. Guerrier's vehicle was parked on Blessing Auto Repair's parking lot when seized by Pennsylvania State Police and that Mr. Guerrier is the president of Blessing Auto Repair. Pls.' Am. Comp., Doc. No. 10, at 1. Plaintiffs repeat conclusory statements throughout the Amended Complaint that Blessing Auto Repair's injuries include "loss of quiet enjoyment of the business premises free of unwarranted entry . . . [causing] embarrassment and humiliation . . . and

5

damage to their business and business reputation". Id. at 3. Plaintiffs argue in their Response to PPA's Motion that these statements establish Blessing Auto Repair's standing. Pls.' Mem. in Supp., Doc. No. 14, at 18. However, these statements do not sufficiently explain how Defendants' conduct injured Blessing Auto Repair's business or how Blessing Auto Repair suffered a particularized and individual injury separate from Mr. Guerrier's particularized injuries. Conclusory statements without sufficient factual support are not enough to establish Blessing Auto Repair's standing as a Plaintiff. Iqbal, 556 U.S. at 678-79. Therefore, Blessing Auto Repair lacks standing for failing to assert a particularized claim in the Amended Complaint and we dismiss Blessing Auto Repair as a Plaintiff.

Plaintiffs' Fourth Amendment Claim Is Dismissed

Under Count 4, Plaintiffs claim all Defendants violated their Fourth Amendment protection against unreasonable searches and seizures when seizing and selling Mr. Guerrier's vehicle. Pls.' Am. Comp., Doc. No. 10, at 6. The PPA argues this claim is inappropriately brought against them because, as Plaintiffs concede in their Amended Complaint, Commonwealth Defendants directed the seizure of the vehicle and turned the vehicle over to the PPA. Id. at 2; Def.'s Mem. in Supp., Doc. No. 11, at 10-11.

A parking authority towing a vehicle is not itself a constitutional violation. Sheller v. City of Philadelphia, No. 11-2371, 2012 U.S. Dist. LEXIS 144240, at *13, n.2 (E.D. Pa. Oct. 2, 2012) (citing Mays v. Scranton City Police Dep't, 503 F. Supp. 1255, 1264 (M.D. Pa. 1980) and dismissing a Fourth Amendment claim by reasoning that Plaintiffs failed to allege facts sufficient to support a claim for a Fourth Amendment violation). It is not unreasonable for a Parking Authority to tow and impound vehicles at the direction of police, under municipality code, or warrant. See Berger v. Phila. Parking Auth., 413 F. Supp. 3d 412, 418-19 (E.D. Pa. 2019) (reasoning that the Parking Authority did not violate the Fourth Amendment because impounding the plaintiff's vehicle for delinquent parking tickets was authorized under Pennsylvania Law and the Philadelphia Traffic Code); Mawson v. Pittston City Police Dep't, No. 3:16-CV-00400, 2017 U.S. Dist. LEXIS 8953, at *24 (M.D. Pa. Jan. 20, 2017) (citing United States v. Place, 462 U.S. 696, 701 (1983) to reason that seizing personal property is not per se unreasonable if it occurs pursuant to a warrant); Place, 462 U.S. at 701 (reasoning a seizure may be reasonable without a warrant if there is a compelling government interest justifying the seizure and the extent of intrusion affected by the seizure is not disproportionate); South Dakota v. Opperman, 428 U.S. 364, 368 (1976) ("police often reasonably seize

7

automobiles"). If the decision to seize and tow the vehicle is improper, the controversy is between city law enforcement and the vehicle owner. Mays, 503 F. Supp. at 1264. The important question is who caused the alleged violation. Sheller, No. 11-2371, 2021 U.S. Dist. LEXIS 144240, at *15 (citing Addante v. Village Elmwood Park, 541 F. Supp. 497, 498 (N.D. Ill. 1982)).

    Here, Plaintiffs did not sufficiently plead a Fourth Amendment claim against the PPA. Plaintiffs assert in their complaint that the Pennsylvania State Police seized the vehicle and ordered it to be removed from Mr. Guerrier's property pursuant to an investigation. Pls.' Am. Compl., Doc. No. 10, at 2. The PPA acted under the instruction of the Pennsylvania State Police to remove Mr. Guerrier's vehicle and impound it. Def.'s Mem. in Supp., Doc. No. 11, at 10. Further, the PPA has the authority to remove and seize a vehicle under the Philadelphia Traffic Code § 12-2405(1) which authorizes towing vehicles, and title 75 of the Pennsylvania Motor Vehicle Code §§ 6309-6310, which authorizes impounding vehicles. Id. Regardless of whether the Pennsylvania State Police made an improper decision to seize the vehicle, Plaintiffs did not sufficiently plead how the PPA, rather than the police, allegedly violated the Fourth Amendment by improperly seizing the vehicle. Sheller, No. 11-2371, 2021 U.S. Dist. LEXIS 144240, at *15 (citing Addante, 541 F. Supp. at

498). Therefore, Plaintiffs failed to state a Fourth Amendment claim against the PPA and we dismiss Count 4 against the PPA.

Plaintiffs' Fifth Amendment Claims Are Dismissed

Under Count 5, Plaintiffs claim all Defendants violated their Fifth Amendment due process rights. Pls.' Am. Comp., Doc. No. 10, at 7. Defendant PPA asserts that they afforded Plaintiffs all process due under the Philadelphia Traffic Code. Def.'s Mot. to Dismiss, Doc. No. 11, at 7. For this reason, the PPA asks the Court to dismiss Plaintiffs' due process claims under Count 2, a Section 1983 claim, and Count 5, a Fifth Amendment violation claim. Def.'s Mem. in Supp., Doc. No. 11, at 17.

The Philadelphia Traffic Code satisfies procedural due process requirements under the Constitution and Pennsylvania Constitution by providing adequate notice and the opportunity to be heard. See King v. City of Phila., 645 Fed. App'x 170, 111 (3d Cir. 2016) (citing Kovler v. Bureau of Admin. Adjudication, 6 A.3d 1060, 1062-64 (Pa. Commw. 2010) to reason a plaintiff was not deprived of adequate due process for traffic ticket enforcement and adjudication); Ke v. Phila. Parking Auth., 831 Fed. App'x. 621 (3d Cir. 2020) (finding a plaintiff failed to state a due process claim because a notice on his windshield and the opportunity to contest the fine at a post-deprivation hearing was adequate due process); Berger, 413 F. Supp 3d at 419

9

(finding the Philadelphia Parking Authority provided many opportunities for the plaintiff to challenge the towing and ample due process before and after selling his vehicle). Philadelphia Traffic Code § 12-2405(1) and 75 P.S. §§ 6309-6310, requires mailed notice to registered owners "indicating the place the vehicle has been removed, the reason for its removal and impounding, the applicable fees, and the possibility that the vehicle will be sold in a public auction if not reclaimed within fifteen (15) days of issuance of notice." Traffic Code § 12-2405(1); Def.'s Mot. to Dismiss, Doc. No. 11, at 3-4. Traffic Code § 12-2406(10)(b) authorizes public auction of impounded vehicles pursuant to court orders. Proceeds from the sale are first applied to all fines and costs and then can be claimed by the owner within one year or will be forfeited to the City. 75 Pa. C.S. § 6310(e); Philadelphia President Judge General Court Regulation 96-1. Procedural due process does not require actual notice but notice that is reasonably certain to inform the interested parties. HVT, Inc. v. Twp. Of Bloomfield, No. 19-CV-20707, 2020 U.S. Dist. LEXIS 60736, at *5 (D.C. N.J. Apr. 7, 2020) (citing Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314-15 (1950)).

Here, Plaintiffs claim they did not receive actual notice of the vehicle's delivery to the PPA or the decision to sell the vehicle until after the vehicle was already sold. Pls.' Am.

10

Comp., Doc. No. 10, at 7. The PPA argues in their Motion that multiple notices were mailed to Mr. Guerrier including the PPA's Petition to obtain a Court Order authorizing the auction of several impounded vehicles, two notices addressed to Mr. Guerrier, a Court Order authorizing the sale and extinguishing his title, and a Notice of Entry of Final Order. Def.'s Mot. to Dismiss, Doc. No. 11, at 5-6. They also assert that the auction was advertised in the Philadelphia Tribune newspaper. Id. at 6. Plaintiffs' assert they never received these notices. Pls.' Resp. in Opp'n., Doc. No. 14, at 3. These documents are attached to PPA's Motion as exhibits. We can consider these documents because they are a matter of public record. Pension Benefit Guar. Corp., 998 F.2d at 1196; Buck, 452 F.3d at 260. Even if Mr. Guerrier did not receive the mailed notices until after his vehicle was sold, he was still afforded due process because public notice is sufficient. See Mullane, 339 U.S. at 314-15; King, 654 Fed. App'x. at 111 (reasoning that the PPA's "allegedly incorrect reading or improper enforcement of certain parking prohibitions" did not deprive the plaintiff of due process); Tate v. District of Columbia, 627 F.3d 904, 908 (D.C. Cir. 2010) (reasoning that allegedly "misstating the auction date or violat[ing] its own statutory notice requirement" did not deprive the plaintiff of Fifth Amendment due process).

Plaintiffs also claim their due process rights were violated when Mr. Guerrier did not receive proceeds from the sale. Def.'s Mot. to Dismiss, Doc. No. 11, at 6. Plaintiffs do not provide sufficient factual allegations in support of this claim in their Amended Complaint. Under 75 Pa. C.S. § 6310(e), Mr. Guerrier could collect the net proceeds within one year before it would be forfeited to the City. There are no facts alleged indicating that Mr. Guerrier attempted to collect the proceeds within one year. Even if Mr. Guerrier did not know he could collect net proceeds, ignorance of the Traffic Code does not establish a valid due process claim. See United States v. Budd, 144 U.S. 154, 163 (1892) ("every man is presumed to know the law"). Therefore, Plaintiffs failed to sufficiently allege that they were deprived due process rights under the Fifth Amendment, and we dismiss Counts 2 and 5.

Plaintiffs' Eighth Amendment Claims Are Dismissed

Under Count 6, Plaintiffs claim all Defendants violated the Eighth Amendment's excessive fines and punishment provision when confiscating and selling Plaintiff's vehicle. Pls.' Am. Comp., Doc. No. 10, at 8. The PPA argues in their Motion that Plaintiffs failed to state an Eighth Amendment claim because Mr. Guerrier was entitled to recover net proceeds from the sale under the Traffic Code and the deductions were not excessive. Def.'s Mem. in Supp., Doc. No. 11, at 17-18. Plaintiffs' assert

12

in their Response that the fees taken from the sale are disproportionate to their legal purpose, but do not assert this in their Amended Complaint. Pls.' Mem. in Supp., Doc. No. 14, at 14-15. The PPA requests the Court dismiss Count 2, a Section 1983 claim, and Count 6, the Eighth Amendment violation claim. Def.'s Mem. in Supp., Doc. No. 11, at 19.

Courts find that impounding and selling a vehicle is not an excessive fine or punishment and does not amount to an Eighth Amendment violation. Barrett v. City of Allentown, 152 F.R.D. 50, 55 (E.D. Pa. 1993) (reasoning that "the towing of an automobile hardly constitutes cruel and unusual punishment"); Berger, 413 F. Supp. 3d. at 420-21 (reasoning the impoundment and sale of Plaintiff's vehicle due to unpaid parking tickets was not excessive and did not violate the Eighth Amendment). Further, courts find in similar situations that providing owners with the ability to claim net proceeds from a sale further weighs against an Eighth Amendment claim. Id. at 421 (reasoning the plaintiff was entitled to net proceeds after satisfying the parking tickets and fees).

Here, Plaintiffs fail to sufficiently plead an Eighth Amendment claim against the PPA. Plaintiffs fail to plead with particularity in their Amended Complaint how the PPA violated their Eighth Amendment rights when selling the vehicle and deducting fees from the proceeds. The PPA acted within its

authority to impound and sell a vehicle to satisfy unpaid fees. Def.'s Mot. to Dismiss, Doc. No. 11, at 4; Berger, 413 F. Supp. 3d. at 420-21. Further, the PPA did not excessively fine Mr. Guerrier when deducting storage and towing fees from the auction proceeds and affording Mr. Guerrier the opportunity to claim the remaining $2,355.05 within one year as provided by the Traffic Code. Def.'s Mot. to Dismiss, Doc. No. 11, at 6; see also Berger, 413 F. Supp. 3d. at 421. Therefore, Plaintiffs failed to state an Eighth Amendment claim against the PPA and we dismiss Counts 2 and 6.

Plaintiffs' State Law Claims Are Dismissed

The PPA requests all state law claims against them be dismissed because they are immune from state tort claims in Counts 1, 3, and 7 and for lack of jurisdiction because there are no valid federal law claims allowing the exercise of supplemental jurisdiction. Def.'s Mot. to Dismiss, Doc. No. 11, at 7.

The Pennsylvania Political Subdivisions Tort Claims Act provides local governmental agencies and their employees immunity "from claims for damages based on an injury to a person, subject to general exceptions." 42 Pa. C.S. §§ 8541, 8545; Simpson v. Phila. Sheriff's Off., 351 F. Supp. 3d 919, 925 (E.D. Pa. 2019). Exceptions to immunity include a cause of action grounded in negligence that is within eight of the

following categories under 42 Pa. C.S. § 8542(b): (1) operation of a motor vehicle; (2) care, custody, and control of personal property; (3) care, custody, and control of real property, or (4) care, custody, and control of animals; (5) trees, traffic controls, and street lighting; (6) utility service facilities; (7) streets; and (8) sidewalks. 42 Pa. C.S. 8542(b).

Here, the PPA is immune from the Plaintiffs' intentional tort claims for conversion, civil conspiracy, and trespass under the Tort Claims Act. See The Choice Is Yours, Inc. v. The Choice Is Yours, No. 2:14-cv-01804, 2015 U.S. Dist. LEXIS 127362, at *24 (E.D. Pa. Sept. 21, 2015) (finding that various intentional tort claims, including civil conspiracy, brought against the City of Philadelphia are barred by the Tort Claims Act). Plaintiffs' do not plead negligence for their tort claims, nor do the claims apply within any of the categories for exceptions to immunity. See Simpson, 351 F. Supp. 3d at 925-26 (dismissing a negligence claim because the plaintiff failed to allege that a Sheriff personally operated the vehicle that caused the injury, for the claim to fall within the "[negligent] operation of a motor vehicle" exception to preclude immunity). Plaintiffs assert in their Response that the personal property exception applies. Pls.' Resp. in Opp'n, Doc. No. 14, at 8. However, Mr. Guerrier's vehicle did not cause the alleged injuries. Urella v. Pa. State Troopers Ass'n, 628 F. Supp. 2d. 600, 606 (E.D. Pa.

15

2008) ("the personal property exception may only be applied to those cases where the property itself is alleged to cause the injury"). As PPA asserts, the claims are "alleged violations to Plaintiffs' constitutional rights." Def.'s Mem. in Supp., Doc. No. 11, at 20. Therefore, PPA is immune under the Tort Claims Act and we dismiss Counts 1, 3, and 7 for failure to state claims.

Even if the PPA were not to benefit from governmental immunity and all federal claims against them are dismissed, this Court would still have jurisdiction to hear the state law claims. Count 4 against Commonwealth Defendants, a Fourth Amendment claim, has not been dismissed. Therefore, under supplemental jurisdiction, this Court could still hear the state law claims if the PPA were not immune. 28 U.S.C. § 1367(a). Nevertheless, we dismiss all state law claims under Counts 1, 3, and 7, against the PPA due to their governmental immunity.

<u>Plaintiffs' Punitive Damages Claim Is Dismissed</u>

Under Count 8, Plaintiffs request punitive damages against all Defendants. Pls.' Am. Comp., Doc. No. 10, at 10. The PPA argues in their Motion that punitive damages are not available against government entities under Section 1983 and Pennsylvania law for torts. Def.'s Mot. to Dismiss, Doc. No. 11, at 7.

Government agencies and municipalities are generally immune from punitive damages. Bolden v. Southeastern Pa. Transp. Auth.,

16

953 F.2d 807, 829, 831 (3d Cir. 1991) (following City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981) to find that SEPTA is immune from punitive damages under Section 1983); Feingold v. SEPTA, 512 Pa. 567, 579 (1986) ("government agencies have been exempt from the imposition of punitive damages"). Punitive damages are also not available against state agencies under Pennsylvania law. E-Z Parks, Inc. v. Philadelphia Parking Authority, 110 Pa. Commw. 629, n.3 (Pa. Commw. Ct. 1987) (noting that "local agencies cannot be held liable for punitive damages" when affirming dismissal of claims against Philadelphia Parking Authority).

Here, the PPA is barred from claims for punitive damages. Plaintiffs concede that PPA is a state governmental entity. Pls.' Am. Comp., Doc. No. 10, at 1. As a governmental entity, PPA benefits from federal and Pennsylvania laws barring their liability for punitive damages. See Feingold, 512 Pa. at 581 (finding that because SEPTA is a Commonwealth agency, punitive damages would be inappropriate). Therefore, we dismiss Count 8.

## Conclusion

We grant the Philadelphia Parking Authority's Motion to Dismiss the Amended Complaint. Blessing Auto Repair lacks standing to sue and is dismissed as a plaintiff. Plaintiffs failed to state claims for their Section 1983, Fourth Amendment, Fifth Amendment, Eighth Amendment, and punitive damages claims.

17

Additionally, the PPA is immune from suit for the state law claims of civil conspiracy, conversion, and trespass.