IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARCDER M. GUERRIER,** | |
| *Plaintiff*, | Civil Action |
| v. | No. 20-cv-6569 |
| **ANDREW AVDULLA** *et al.*, | |
| *Defendants.* | |

**MEMORANDUM OPINION**

**GOLDBERG, J.**                                                                                                    August 25, 2023

In this civil rights action brought under 42 U.S.C. § 1983, Plaintiff Marcder Guerrier asserts that his car was unlawfully towed in violation of the Fourth Amendment and then sold at auction without prior notice in violation of the Due Process Clause of the Fourteenth Amendment and the Excessive Fines Clause of the Eighth Amendment. Defendants Andi Avdulla and the Pennsylvania State Police have moved for summary judgment on all claims. For the reasons set out below, the motion will be granted.

**I.     FACTS**

The following facts are viewed in the light most favorable to Guerrier as the party opposing summary judgment. I note that Defendants filed a statement of facts with their motion which Guerrier did not respond to by either admitting or denying those facts with citations to evidence. Thus, to the extent Defendants' facts are supported by evidence and not contradicted by evidence cited in Guerrier's response in opposition, I will treat Defendants' facts as undisputed. See Fed. R. Civ. P. 56(e)(2); Seiple v. Cracker Barrel Old Country Store, Inc., No. 19-cv-2946, 2021 WL 5163198, at *1 n.1 (E.D. Pa. Nov. 5, 2021) ("the Court finds it appropriate to treat the facts in

1

Plaintiff's Counterstatement as undisputed to the extent that they have support in the record evidence."); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) (party with burden of proof at summary judgment may not "rest on … allegations" but must come forward with "evidence").

On May 3, 2019, Defendant Andi Avdulla, a Pennsylvania State Trooper arrived at Plaintiff Marcder Guerrier's business, Blessing Auto Repair, to serve an arrest warrant for Guerrier's brother. (Defendants' Facts ¶¶ 6, 8-10.) Blessing Auto Repair occupies a corner lot at the intersection of Whitaker Avenue and East Hunting Park Avenue in Philadelphia, as evidenced by this bird's-eye view of the property:



(Guerrier's Ex. B.)

While on the premises, Trooper Avdulla noticed Guerrier's Maserati parked on what Avdulla decided was the sidewalk. (Defendants' Facts ¶¶ 12-13.) Although the parties disagree as to whether the Maserati was parked on the sidewalk, they agree that it was parked on concrete just beyond Blessing Auto's asphalt parking lot and just outside a small grassy island with a yellow curb:

2

 



(Guerrier's Exs. H, N, AI (cropped and annotated).)[1]

---

[1] The top left photo (Ex. H) depicts the view of the Maserati from Blessing Auto's property. The top right and bottom photos (Ex.'s N and AI) portray the view of the Maserati's location from the street (corner of Whittaker and Hunting Park Avenues). The second and third photos were not

3

Guerrier told Trooper Avdulla that the Maserati was not on the sidewalk, but Trooper Avdulla maintained that it was. (Avdulla Dep. at 55:9-15.) Trooper Avdulla ordered Guerrier's car towed, which was undertaken by the Philadelphia Parking Authority (PPA). (Defendants' Facts ¶¶ 18, 20.) When Guerrier went to the PPA's impound lot to retrieve his car, he was told that it could not be released because the State Police had placed it "on hold." (Defendants' Facts ¶¶ 24-26.) The PPA's documentation reflects that the State Police placed the car on hold on May 3, 2019 (the day Trooper Avdulla ordered the car towed) and released the hold on May 7, 2019. (Guerrier's Ex. W.) Trooper Avdulla denies placing the car on hold. (Defendants' Facts ¶ 22.)

On July 1, 2019, Trooper Avdulla left a voicemail for Guerrier's lawyer acknowledging that Guerrier may have "some questions" about the car and inviting the lawyer to call him. On August 19, 2019, Trooper Avdulla left another voicemail stating that the car had been "released" and Guerrier could pick it up from PPA's lot. About twenty minutes after that, Trooper Avdulla left a third voicemail, this time informing Guerrier that, actually, he could not retrieve the car because the PPA had sold it at auction. (Guerrier's Brief at 11.)

Court documents reflect that on June 5, 2019, the PPA filed a "petition for leave to sell motor vehicles" in the Philadelphia Court of Common Pleas, listing Guerrier's Maserati among other vehicles. (Guerrier's Ex. AE.) On June 10, 2019, the Court of Common Pleas entered an order permitting PPA to sell the vehicles on June 29, 2019. The order bears a stamp indicating it was "sent" on July 12, 2019, after the date of the auction. (Guerrier's Ex. AF.) Guerrier reasons that no notice was sent until the auction had already taken place.

---

taken on the day the Maserati was towed, but the white car in the photos is parked in the same location where the Maserati was parked on the day in question, according to Guerrier.

4

Guerrier's briefing does not clarify whether he received or may have been entitled to a portion of the proceeds from the sale. A Court of Common Pleas document reflects that Guerrier was notified of an opportunity to claim some portion of $2,355.05 in proceeds from the sale. (Defendants' Facts ¶ 38.)

## II.   LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if there is evidence from which a reasonable factfinder could return a verdict for the non-moving party, and a dispute is "material" if it might affect the outcome of the case under governing law. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court must view the evidence in the light most favorable to the non-moving party. Galena v. Leone, 638 F.3d 186, 196 (3d Cir. 2011). However, "unsupported assertions, conclusory allegations or mere suspicions" are insufficient to overcome a motion for summary judgment. Schaar v. Lehigh Valley Health Servs., Inc., 732 F. Supp. 2d 490, 493 (E.D. Pa. 2010) (citing Williams v. Borough of W. Chester, Pa., 891 F.2d 458, 461 (3d Cir. 1989)).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial Celotex burden can be met by showing that the non-moving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." Id. at 322.

5

After the moving party has met its initial burden, summary judgment is appropriate if the non-moving party fails to rebut the moving party's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials" that show a genuine issue of material fact or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A).

### III. DISCUSSION

Guerrier concedes that summary judgment is warranted on his claims against the Pennsylvania State Police because a state agency is not amenable to suit under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Guerrier also concedes that his state-law claims must be dismissed because the relevant Pennsylvania Constitutional provisions do not create a cause of action for damages. Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist., 442 F. App'x 681, 687 (3d Cir. 2011). The parties disagree on whether summary judgment is warranted as to Guerrier's claims against Trooper Avdulla individually under the Fourth Amendment, Fourteenth Amendment's Due Process Clause, and Eighth Amendment's Excessive Fines Clause.

#### A. Fourth Amendment

Guerrier contends that his car was unlawfully towed in violation of the Fourth Amendment's prohibition on "unreasonable … seizures." See U.S. Const., Amend. IV. The parties agree that towing a vehicle is a seizure and that such a seizure complies with the Fourth Amendment if it is performed "according to standard criteria." Draper v. Darby Twp. Police Dep't, No. 10-cv-1080, 2012 WL 93178, at *2 (E.D. Pa. Jan. 11, 2012) (quoting Colorado v. Bertine, 479

U.S. 367, 375 (1987)). The ultimate test is whether the police have acted reasonably in determining that towing the vehicle is warranted. United States v. Smith, 522 F.3d 305, 315 (3d Cir. 2008).

Trooper Avdulla offers one justification for towing Guerrier's car: the Pennsylvania Vehicle Code authorizes police to tow cars illegally parked, and parking on a "sidewalk" is prohibited. 75 Pa. Cons. Stat. §§ 3352(c)(4), 3353(a)(1)(ii). The parties disagree as to whether Trooper Avdulla acted reasonably in deciding that Guerrier's car was parked on the sidewalk, but agree that the reasonableness of Trooper Avdulla's determination is to be judged by the standard of "probable cause," which requires a degree of certainty less than that needed to support a conviction. Illinois v. Gates, 462 U.S. 213, 235 (1983). (See Defendants' Brief at 7; Guerrier's Brief at 3.)

Although the photos and testimony in the summary judgment record do not make clear whether the concrete strip where Guerrier parked his car was actually the sidewalk, they leave no room for genuine dispute that Trooper Avdulla's belief that it was in fact a sidewalk was reasonable. The car was parked outside Blessing Auto's asphalt parking lot and beyond the curbed island that would appear to mark the boundary of the lot. Guerrier, who bears the burden of proof, has offered no evidence that it was not reasonable to believe that the asphalt and curb marked the boundary between Blessing Auto and the public sidewalk, particularly given that the sidewalk was made of the same concrete material that the car was parked on.

Although neither party cites a definition of "sidewalk" from the Vehicle Code, the City of Philadelphia, which is where Blessing Auto is located, defines a "sidewalk" as "[t]hat portion of a street contained between the street line and the nearest curb line and consisting of a paved footway and optional planting strips, the cross-section of which shall be determined by the Department [of Streets]." Phila. Code § 11-101(9). The term "street line," in turn, is defined as "[t]he lines of

demarcation between public and private properties on plotted or legally opened streets, defining the land reserved for use as a street." § 11-101(11). These definitions are informative, as they reinforce the reasonableness of Trooper Avdulla's conclusion that the asphalt boundary and yellow curb were the "line of demarcation" between the parking lot and the sidewalk.

Guerrier contends that Trooper Avdulla should have recognized an "expansion joint" between concrete tiles as the boundary between the lot and the sidewalk:



But Guerrier cites no evidence or authority that an expansion joint is relevant to determining where a sidewalk ends. And even if a factfinder agreed with Guerrier that the expansion joint is relevant, that would not change the undisputed fact that Trooper Avdulla could rely on the concrete, asphalt, and curb to support his probable cause determination that the Maserati was on the sidewalk.

Guerrier alternatively argues that towing the Maserati was unreasonable because Trooper Avdulla failed to adhere to the State Police's "normal practice" of giving a vehicle owner an opportunity to correct a parking violation before towing. (Guerrier's Ex. C at 38:2-12.) But "a reasonable impoundment does not become unreasonable merely because the police do not impound all vehicles found in similar circumstances … ." Smith, 522 F.3d at 315. Trooper Avdulla's decision to tow the Maserati was reasonable because it was supported by probable cause

8

to believe that the car was parked illegally on the sidewalk and thus subject to towing under the Vehicle Code.

Moreover, the undisputed facts show that Trooper Avdulla is entitled to qualified immunity. Qualified immunity protects a defendant in a § 1983 action from liability so long as "their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987). Thus, Trooper Avdulla is immune from liability so long as he could reasonably believe probable cause supported the seizure in light of "clearly established" law. See id. at 638-39. Guerrier has cited no authority holding that it is unreasonable to tow a vehicle under circumstances analogous to those presented here, and any Fourth Amendment violation that may have occurred was therefore not "clearly established."

For these reasons, summary judgment will be granted on Guerrier's Fourth Amendment claim.

## B.  Due Process

Guerrier contends that his procedural Due Process rights were violated when the PPA sold his car at auction without giving him prior notice. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." Mathews v. Eldridge, 424 U.S. 319, 332 (1976). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Id. at 333 (quotation marks omitted).

Although the PPA sold Guerrier's car, the PPA is no longer a Defendant in this action,[2] and Guerrier instead seeks to hold Trooper Avdulla liable for the PPA's actions based on the fact that Trooper Avdulla ordered the Maserati towed in the first place. "To impose liability on [an]

---

[2] Guerrier's claims against the PPA were dismissed on August 5, 2021. (ECF No. 21.)

individual defendant[]" under 42 U.S.C. § 1983, a plaintiff "must show that … [the defendant] individually participated in the alleged constitutional violation or approved of it." C.N. v. Ridgewood Bd. of Educ., 430 F.3d 159, 173 (3d Cir. 2005). Guerrier has offered no evidence that Trooper Avdulla participated in or approved of the PPA's procedure for selling the Maserati. Although Trooper Avdulla ordered the Maserati into the PPA's custody in the first place, Trooper Avdulla's decision to do so was reasonable for the reasons stated above, and Guerrier has not argued that merely ordering the car towed in the first place was a Due Process violation.

The only possibly relevant conduct by Trooper Avdulla is that a "hold" from the State Police apparently prevented Guerrier from retrieving the Maserati the day it was towed. Although Trooper Avdulla denies placing the hold, a factfinder could infer from the timing that he did, and I must accept this fact as true for purposes of summary judgment. But Guerrier has not argued that the hold itself, which was apparently lifted four days later and well before the vehicle was sold, violated Due Process. And Guerrier has not pointed to any evidence that the four-day hold prevented him from being "heard at a meaningful time and in a meaningful manner" before the PPA sold the car.

Finally, for similar reasons as discussed above, Trooper Avdulla is entitled to qualified immunity on Guerrier's Due Process claim because Trooper Avdulla's actions in placing the hold and ordering the car towed "could reasonably have been thought consistent with" the Fourteenth Amendment. Anderson v. Creighton, 483 U.S. 635, 638 (1987).

### C. Excessive Fines

Lastly, Guerrier argues that the PPA's sale of the Maserati constituted an "excessive fine[]" in violation of the Eighth Amendment. For the reasons stated above, Guerrier has no evidence that Trooper Avdulla was involved in the sale, as required to impose liability under § 1983. Summary judgment will therefore be granted to Trooper Avdulla on Guerrier's Excessive Fines claim.

IV. <u>**CONCLUSION**</u>

For the reasons set out above, Defendants' motion for summary judgment will be granted.

An appropriate order follows.